UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CORY DWAYNE KROTZER, | Civil No. 06-1074 (JRT/JJG) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| R.L. MORRISON, Warden, | |
| Respondent. | |

---

Cory D. Krotzer, #10345-041, Federal Prison Camp, P.O. Box 1000, Duluth, Minnesota 55814, petitioner *pro se*.

Omar A. Syed, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Cory Dwayne Krotzer ("Krotzer") is incarcerated at the Federal Prison Camp in Duluth, Minnesota. Krotzer filed an application for writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") had improperly considered his request for placement in a Residential Reentry Center ("RRC"). Specifically, Krotzer alleges that he requested early placement in a RRC, and that prison officials categorically denied this request under 28 C.F.R. §§ 570.20 and 570.21. Krotzer argues that these regulations conflict with the discretionary factors of 18 U.S.C. § 3621(b). In a Report and Recommendation dated February 6, 2007, United States Magistrate Judge Jeanne J. Graham recommended that this Court deny as moot petitioner's application. The Court has conducted a *de novo* review of petitioner's objection under 28 U.S.C. § 636(b)(1)(C)

15

and D. Minn. LR 72.2(b). For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation.

Krotzer argues that the BOP improperly relied on §§ 570.20 and 570.21 in determining that he was not eligible for RRC placement. The Eighth Circuit Court of Appeals recently considered whether §§ 570.20 and 570.21 violated § 3621(b).[1] In *Fults v. Sanders*, the court held that the regulations were invalid because they conflicted with the discretionary criteria set forth in § 3621(b). 442 F.3d 1088, 1092 (8th Cir. 2006). In light of *Fults*, the BOP abandoned its reliance on §§ 570.20 and 570.21, and agreed to reconsider Krotzer's request for RRC placement under BOP guidelines applied prior to 2002.[2] Applying the reinstated guidelines, the BOP determined that Krotzer was still ineligible for RRC placement consideration.

Because of this reconsideration, the BOP has effectively granted Krotzer the relief he seeks in his petition. Thus, the petition no longer presents a live case or controversy for this Court to consider. *See Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005). Krotzer's objection further asserts that the pre-2002 BOP guidelines are inconsistent with *Fults*. However, Krotzer did not raise this claim in administrative proceedings or in his § 2241 petition. The Court agrees with the Magistrate Judge that habeas corpus review of this claim is barred. *See Mazzanti v. Bogan*, 866 F. Supp. 1029, 1033 (E.D. Mich. 1994)

---

[1] Under § 3621(b), the BOP must consider multiple factors in determining a prisoner's eligibility for RRC placement, including the resources of the facility, the nature and circumstances of the offense, and the history and characteristics of the prisoner. 18 U.S.C. § 3621(b).

[2] The BOP's 2002 policy was similar to the policy set forth in §§ 570.20 and 570.21, and was similarly struck down in *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004).

(barring habeas review under § 2241 of additional claims raised by petitioner for the first time in a reply brief). The Court therefore adopts the Magistrate Judge's recommendation and denies the petition as moot.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 13] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 12]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus [Docket No. 1] is **DISMISSED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   May 7, 2007             s/ John R. Tunheim       _
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
           United States District Judge